# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROY VAN NORTRICK (# 708816) | CIVIL ACTION |
| VERSUS | |
| RANDY LAVESPERE, ET AL. | NO. 18-0534-JWD-EWD |

## ORDER

Before the Court is Plaintiff's Motion to Enter Preliminary Injunctive Relief and Motion to Compel Compliance with Rec. Doc. 8 and Motion to Preserve Evidence ("Motion"). (R. Doc. 25). For the following reasons, the Court **DENIES** the Motion in all respects.

First, with respect to Plaintiff's Motion to Enter Preliminary Injunctive Relief, the Court notes that the Motion for Preliminary Injunction (R. Doc. 3) is currently pending and this request is duplicative. Plaintiff cannot evade the orderly disposition of his claims by filing a separate, subsequent motion for injunctive relief.

Regarding Plaintiff's Motion to Compel Compliance with Rec. Doc. 8, it appears as though, at this point, Defendants have complied with all orders set forth in R. Doc. 8 and have filed a Notice of Compliance attesting to same. *See* R. Doc. 28. To the extent Plaintiff finds he has not received all documents pertinent to the issues in this case, Plaintiff may file a motion to compel responses, which motion must contain a separately captioned memorandum in support thereof and a certificate of service stating that a copy has been served upon Defendant(s), as previously pointed out by this Court in R. Doc. 8.

With respect to Plaintiff's Motion to Preserve Evidence, "'Courts have a right to expect that litigants and counsel will take the necessary steps to ensure that relevant records are preserved when litigation is reasonably anticipated, and that such records are collected, reviewed, and

produced to the opposing party.'" *Quantlab Technologies Ltd. (BGI) v. Godlevsky*, 2014 WL 651944, *7 (S.D. Tex. Feb. 19, 2014) (citation omitted). "The duty to preserve 'arises when a party has notice that the evidence is relevant to litigation or ... should have known that the evidence may be relevant to future litigation. Generally, the duty to preserve extends to documents or tangible things ... by or to individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses.'" *Id.* at *8 (citations omitted). Though not directly addressed in this Court's prior order, *see* R. Doc. 8, the video evidence Plaintiff seeks, if same may be used to support Defendants' claims or defenses, is included as a required initial disclosure that must be supplemented. Fed. R. Civ. P. 26(a) and (e). Otherwise, the proper procedure to procure the sought video evidence is through requests for production, and subsequently, if necessary, a motion to compel. The Court further notes that if the evidence is in the possession of a non-defendant such as the Louisiana State Penitentiary ("LSP"), then the proper method by which to obtain the evidence is through Rule 34(c) of the Federal Rules of Civil Procedure, which allows a party (such as Plaintiff) to request by subpoena the production of electronically stored information and/or tangible things (such as any video footage) from a non-party to a proceeding (such as LSP).

The particular incidents for which Plaintiff requests that video footage be preserved all occurred between late June 2018 and early August 2018. Plaintiff filed the Motion to Preserve Evidence on August 9, 2018 thereby alerting Defendants of the potentially relevant evidence. Generally, the Court will not enmesh itself in discovery matters in the absence of any showing that such involvement is warranted by dilatory, bad faith, or wrongful conduct by another party or entity. At this time, there is no such showing, and the Court will refrain from addressing any potential issues of spoliation pending a response by the proper entity regarding the existence or

non-existence of the video evidence to which Plaintiff refers, if the information is properly requested by Plaintiff. Accordingly,

**IT IS ORDERED** that the Motion to Enter Preliminary Injunctive Relief (R. Doc. 25) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Compliance with Rec. Doc. 8 (R. Doc. 25) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Preserve Evidence (R. Doc. 25) be and is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on January 31, 2019.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**